IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEATRA L. MORTON-SEARCY

        Plaintiff,

    v.

3 RIVERS STAFFING, LLC;  and
JEFFREY STIEHLER, in his individual capacity;
and LINDA STIEHLER, in her individual capacity,

        Defendants.

Civil Action

No.

JURY TRIAL DEMANDED

## CIVIL COMPLAINT

Plaintiff, Deatra Morton-Searcy, brings this action seeking legal and equitable  relief pursuant to Section 1 of the  Civil Rights Act of 1866, 42 U.S.C. §1981, and in support alleges the following:

### I. Jurisdiction

1.    The jurisdiction of this Court is invoked pursuant to 42 U.S.C. §1981;  28 U.S.C. §§1331 and 1343(a)(4).

### II.  The Parties

3.    Deatra L. Morton-Searcy  is an African-American  individual citizen who resides at 217 Elfort Drive, Pittsburgh, PA 15235.

4.    Defendant 3 Rivers Staffing, LLC, ("3 Rivers") , is a corporation which, for a fee, provides temporary and permanent employees to labor intensive production facilities throughout Western Pennsylvania. Its principal place of business is 204 East Fifth Avenue, Tarentum, PA 15084.

5.    Defendants Jeffrey and Linda Stiehler are the owners of Defendant 3 Rivers. Jeffrey

Stiehler is an executive with 3 Rivers. Linda Stiehler is the President of Defendant 3 Rivers. Their principal place of business is 204 East Fifth Avenue, Tarentum, PA 15084.  Their principle residence is 440 Washington Street, Springdale, PA 15144.  They are sued in their individual capacities as individuals who authorized, directed, and participated in the discriminatory conduct alleged below.

### III.  Factual Background

6.      Ms. Morton-Searcy began her employment with Defendant 3 Rivers as an office worker/notary on or about August 15, 2014.

7.      Because she was new to her position, she made a few minor mistakes, but otherwise performed her job in a manner acceptable to her employer.

8.      On or about September 30, 2014, Defendant Jeffrey Stiehler, with the full knowledge and authorization of Defendant Linda Stiehler, instructed 3 Rivers General Manager Melody Thomas, his subordinate, to fire Ms. Morton-Searcy.

9.      In a series of text messages sent from Jeffrey Stiehler to GM Thomas, Defendants instructed  Thomas to fire Ms. Morton-Searcy because she is a "niggar" (sic).

10.      On September 30, 2014 between 3:41 and 3:44 p.m.  Defendant Jeffrey Stiehler text-messaged GM Thomas and ordered her to locate a new notary NOW.  He engaged in the following exchange:

Stiehler:      Locate a new notary. Now.

Stiehler:      I want [Ms. Morton-Searcy]  gone. She is a niggar (sic)

Stiehler:      Did u hear me.

Thomas:      Yes, Jeff, I heard u.

|            |                               |
|------------|-------------------------------|
| Stiehler:  | Great                         |
| Stiehler:  | I want her gone. She is a niggar. (sic) |

(A copy of the text messages is attached as Exhibit 1).

      11.     Later that same day, September 30, 2014 between 6:09 p.m. and 6:48 p.m.  Jeffrey

Stiehler again text-messaged GM Thomas to reiterate he wanted Ms. Morton-Searcy fired:

|            |                               |
|------------|-------------------------------|
| Stiehler:  | I want her gone by Friday,    |
| Stiehler:  | Understand.                   |
| Stiehler:  | F**k a niggar. (sic.)         |
| Stiehler:  | F**k a niggar (sic.)          |
| Thomas:    | It is my fault for not checking with u jeff after she said she did. |
| Stiehler:  | I'm calm. Call me.            |
| Thomas:    | Jeff, I just completed 4 transfers..I'm not ignoring you...I clearly recall you saying "go for it." |

(A copy of the text messages is attached as Exhibit 2).

      12.     The next day, October 1, 2014, Jeffrey Stiehler again ordered GM Thomas to make

sure Ms. Morton-Searcy was discharged because of her race:

|            |                               |
|------------|-------------------------------|
| Stiehler:  | Any idea what the nig got done tonight |
| Thomas:    | No I don't. I told her Nick would be picking up the flyers in the morning. She does not have a Harman brcure yet, but She will work on that....I really wish you would give Deatra another chance before u throw Her out. But it's up to you.  I know that u are mad at her and what she did was wrong. |
| Stiehler:  | Melony. 3 wrongs. She dosent (sic.) respect me at all. Everything I say she has something to say about it. She is a nig. Sorry. Just my thought. |
| Stiehler:  | I am shocked u don't see it.  |

3

Stiehler:      She is not a team player at all, o ya her team!!!

Thomas:      Ok, I thought I'd try. It's your decision.

(A copy of the text-messages are attached as Exhibit 3).

13.    On October 9, 2014, Defendants fired Ms. Morton-Searcy in a letter signed by Jeffrey Stiehler.

14.    Linda Stiehler  authorized, directed, and participated in the firing of Ms. Morton-Search, with full knowledge of the actions of Jeffrey Stiehler.

**Count I**
**42 U.S.C. §1981**

15.    Plaintiff incorporates by reference the allegations in Paragraphs 1 to 15 as if fully restated herein.

16.    Defendants fired Ms. Morton-Searcy because of her race, and therefore deprived her of the same right to make and enforce contracts as is enjoyed by white citizens, in violation of the Civil Rights Act of 1866, 42 U.S.C. §1981.

17.    Defendants' acts against Morton-Search were undertaken with reckless indifference to Moore's  federally protected right to make and enforce contracts irrespective of her race.

18.    As a direct and proximate result of Defendants' discriminatory treatment, Ms. Morton-Searcy  suffered the following  injuries:

    a.    Great mental anguish and emotional strain;

    b.    Loss of income and benefits; and

    c.    Humiliation and inconvenience.

WHEREFORE, Plaintiff demands judgment against Defendant pursuant to 42 U.S.C. §1981 as follows:

a.     That Defendants be permanently enjoined from discriminating against Ms. Morton-Searcy or retaliating against her because of her race or because she opposed race discrimination;

b.     That Defendants be required to compensate Ms. Morton-Searcy for the full value of wages and benefits she  would have received had it not been for Defendants' illegal treatment, with interest thereon;

c.     That Ms. Morton-Searcy be awarded compensatory and punitive damages in an amount  to be determined at trial;

d.     That Ms. Morton-Searcy be awarded against Defendants the costs and expenses of this litigation, and a reasonable attorney's fee; and

e.     That Ms. Morton-Searcy  be awarded such further relief as this Court deems to be just and proper.

Respectfully submitted,

**Samuel J. Cordes & Associates**

/S/ Samuel J. Cordes
Samuel J. Cordes
Pa. I.D. No. 54874

245 Fort Pitt Boulevard
Pittsburgh, PA 15222
(412) 281-7991

Attorney for Plaintiff

5